UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Kayshawn Chambers<br><br>Plaintiff,<br><br>vs.<br><br>Rice County (Minnesota), Rice County Sheriff Troy Dunn, individually, and in his capacity as Rice County Sheriff, Rice County Jail Nurse Jane Doe, individually and in her capacity as a Rice County Jail Nurse, Rice County Corrections Officers John and Jane Doe 1 through 20, individually and in their capacities as Rice County Jail Correctional Officers, and American Correctional Healthcare, Inc.,<br><br>Defendants. | **Case No.: 21-cv-2314**<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

The above captioned Plaintiff for his AMENDED COMPLAINT and causes of action against the above-named Defendants, states and alleges as follows:

## INTRODUCTION

1. Plaintiff Kayshawn Chambers brings this action pursuant to 42 U.S.C. § 1983 for Defendant's violation of his federal constitutional rights guaranteed by the Eight and Fourteenth Amendments to the Constitution of the

United States, while acting under the color of state laws as well as for negligence.

## JURISDICTION & VENUE

2. This action arises under the United States Constitution, particularly under the provisions of the Eight and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983 of the Civil Rights Act.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives this Court original jurisdiction over civil actions arising under the federal laws and federal constitution, and pursuant to 28 U.S.C. § 1343(a)(3)-(4), which gives this Court original jurisdiction over civil actions to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any federal constitutional right or any right secured by federal statutes including 42 U.S.C. § 1983.

4. Venue is proper in the District of Minnesota, as the acts and transactions complained of herein all occurred within the district.

## PARTIES

5. Plaintiff Keyshawn Chambers, a citizen and resident of the State of Minnesota, was incarcerated in the Rice County Jail from July 29, 2021 through August 2, 2021.

6. Defendant Rice County, Minnesota ("Rice County") is, and at all relevant times was, a political entity charged with the control and supervision of

all law enforcement personnel, jail personnel and contractors in the Rice County Jail, including Defendants Rice County Correctional Officers John and Jane Doe 1 through 20 and Rice County Jail Nurse Jane Doe.

7. Upon information and belief, Defendant Sheriff Troy Dunn is, and at all relevant times was, a duly appointed and acting Sheriff of Rice County Jail and, as such, in charge of the Rice County Jail. As such, Defendant Dunn was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Dunn are brought both individually and in his official capacity as Sheriff.

8. Defendants Rice County Correctional Officers John and Jane Doe 1 through 20 are, and at all relevant times were, duly appointed and acting Correctional Officers at the Rice County Jail. As such, Defendant Correctional Officers John and Jane Doe 1 through 20 were a duly appointed agents authorized to enforce the law and were acting under the color of the law at all times herein material. All causes of action brought against Defendant Correctional Officers John and Jane Doe 1 through 20 are brought both individually and in their official capacity as correctional officers. Defendant Correctional Officers John and Jane Doe 1 through 20 interacted with Plaintiff, were aware of his medical condition and need for medical assistance and

treatment and failed to provide the adequate medical assistance and/or treatment.

9.  Defendant American Correctional Healthcare, Inc. ("ACH") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1030 East Highway 377, Suite 110 265, Granbury, TX 76048 and its registered agent for service, Katy Herring, is at 120 McKinley Drive, Burleson, TX 76028.

10. On information and belief, Defendant ACH at all times material, had a contract with Defendant Rice County to provide medical services, including nursing services, at the Rice County, Minnesota Jail. As such, Defendant ACH and its employees were the agents of Rice County and were acting under color of state law at all times herein material. Defendant ACH is liable for the acts and omissions of its employees, including Rice County Jail Nurse Jane Doe and was responsible for the training and supervision of its nurses, including Rice County Jail Nurse Jane Doe.

11. On information and belief, Defendant Rice County Jail Nurse Jane Doe is, and at all relevant times was an employee of Defendant ACH, and was, and is, a duly appointed and acting Rice County Jail Nurse. As such, Defendant Rice County Jail Nurse Jane Doe was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein

material.  All causes of action brought against Defendant Rice County Jail Nurse Jane Doe are brought both individually and in her capacity as Rice County Jail Nurse. Defendant Rice County Jail Nurse Jane Doe interacted with Plaintiff, was aware of his medical condition and need for medical assistance and treatment and failed to provide the adequate medical assistance and/or treatment.

## FACTUAL BACKGROUND

12. Plaintiff was incarcerated at the Rice County Jail from July 29, 2021 through August 2, 2021. While incarcerated, Plaintiff suffered from extreme leg pain in the area of a sore that he believed was a bug bite. Beginning on or about July 30, 2021, he repeatedly informed Defendants Rice County Correctional Officer John and Jane Doe 1 through 20 of his pain and need for medical attention. He wrote a "kite" to Defendant Rice County Jail Nurse Jane Doe on August 1, 2021 and saw her on August 2, 2021. Defendant Rice County Jail Nurse Jane prescribed Augmentin and warm compress, which were given on August 2, 2021. She also informed Plaintiff that he was not in need of any further medical attention.

13. In fact, Plaintiff was suffering from an infection that did require much more medical attention. Plaintiff made his medical needs known to Defendants Rice County Corrections Officer John and Jane Doe 1 through 20 and Defendant Rice County Jail Nurse Jane Doe and did not receive the adequate and

necessary medical attention that his condition required. Late on the evening of August 2, 2021, Plaintiff was transferred to Waseca County Jail. His dire medical condition was recognized quickly the next morning and he was transferred to the Mayo Clinic, where he underwent extensive treatment for life-threatening sepsis and underwent several surgical debridements.

14. Defendants' failure to provide proper and adequate medical treatment caused the worsening of Plaintiff's infection, his sepsis, and his need for surgical intervention along with the attendant damages as stated below.

15. The identities of the Rice County Correctional Officers and Rice County Jail Nurse Jane Doe who failed to provide the adequate medical care are unknown to Plaintiff at this time. While Rice County wrongfully refused to provide Plaintiff's jail file to him before this suit was commenced, it has now been provided but the names contained in it are illegible and must be developed through discovery. Thus, while this Amended Complaint can be made against Rice County, its Sheriff Troy Dunn, and ACH, it must at this time be made against the relevant COs and Jail Nurse as John and Jane Doe Defendants until their names can be ascertained through discovery and the Complaint can again be amended.

## COUNT I
## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE
## (As to all Defendants except Rice County and Sheriff Dunn)

16. Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

17. While incarcerated in Defendants' custody, Plaintiff had a constitutional right under the substantive due process clause of the Eight and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Mr. Chambers' Eight and Fourteenth Amendment rights.

18. Mr. Chambers' constitutional right to receive adequate medical care under the Eight and Fourteenth Amendments was clearly established.

19. Defendants' behavior far surpassed "mere negligence." Defendants willfully denied Mr. Chambers adequate medical care and were deliberately indifferent to Mr. Chambers' medical needs. Mr. Chambers had objectively serious medical needs and Defendants were required to administer proper medications, have him see a doctor, perform testing, including blood tests, whether in house or at a third-party facility, and/or transfer him to a qualified medical provider for adequate and necessary medical treatment. Defendants knew of and disregarded a substantial risk of serious harm to Mr. Chambers'

health and safety. Defendants' acts and/or omissions in response to Mr. Chambers' medical needs were so grossly incompetent and inadequate as to shock the conscience.

20.     As a direct and proximate result of Defendants' acts and/or omissions, as described herein, Defendants, while acting under color of state law, deprived Mr. Chambers of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

21.     As a direct and proximate result of the acts and/or omissions of Defendants, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

### COUNT II
### DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE
### (As to Defendant Rice County)

22.     Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

23.     While incarcerated in Defendant Rice County's custody, Plaintiff had a constitutional right under the substantive due process clause of the Eight

and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Mr. Chambers' Eight and Fourteenth Amendment rights.

24.     On information and belief, Rice County has had an on-going and systematic failure to properly provide adequate medical care and attention to inmates by, *inter alia*, failing to provide proper medications, failing to provide assessment by an M.D., and failing to provide proper referral to outside medical providers capable of diagnosing and treating serious medical conditions.

25.     Rice County's practice of failing to provide proper medications, failing to provide assessment by an M.D., and failing to provide proper referral to outside medical providers capable of diagnosing and treating serious medical conditions proper was systematic and a *defacto* policy and procedure of Rice County.

26.     Defendant Rice County's behavior far surpassed "mere negligence." Defendant Rice County's *defacto* policy of on-going and systematic failure to provide adequate medical care and attention to inmates constituted a willful denial of adequate medical care to Mr. Chambers. Defendant Rice County was deliberately indifferent to Mr. Chambers' medical needs. Defendant Rice County knew of and disregarded a substantial risk of serious harm to Mr. Chambers'

health and safety. Defendant Rice County's acts and/or omissions in response to Mr. Chambers' medical needs were so grossly incompetent and inadequate as to shock the conscience.

27. As a direct and proximate result of Defendant Rice County's acts and/or omissions, as described herein, Defendant Rice County, while acting under color of state law, deprived Mr. Chambers of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

28. As a direct and proximate result of Defendant Rice County's acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT III
## FAILURE TO TRAIN
## (As to Defendants Rice County and Sheriff Dunn)

29. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

30. Plaintiff's pain and suffering and other damages as alleged herein were a direct result not only of the Defendants' acts and/or omissions in

violation of the Eight and Fourteenth Amendments to the federal constitution and 42 U.S.C. § 1983 as described herein, but also of constitutional violations caused by failure of Defendant Sheriff Todd Dunn to properly train the Rice County jail staff, including, Defendant Rice County Jail Nurse Jane Doe and Defendants Rice County Jail Correctional Officer John and Jane Doe 1 through 20 on how to adequately assess medical needs and provide adequate medical treatment. The failure to train its employees by Rice County in these ways amounted to deliberate indifference to Mr. Chambers' constitutional rights.

31. Further, on information and belief, Rice County has had an on-going and systematic failure to properly train its correctional officers and jail staff such that it had a *defacto* policy and procedure of not properly training its jail staff in how to adequately assess medical needs and provide adequate medical treatment.

32. As a direct and proximate result of the failure of Defendants Rice County and Sheriff Dunn to properly train its jail staff, as described herein, Defendants Rice County and Sheriff Dunn, while acting under color of state law, deprived Mr. Chambers of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983 and his federal constitutional right to not be deprived of life, in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1988.

33. As a direct and proximate result of Defendants Rice County and Dunn's and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT IV
## FAILURE TO TRAIN
## (as to Defendant ACH)

34. Plaintiffs hereby reallege and incorporate by reference the allegations complained of above as if set forth specifically herein.

35. Plaintiff's pain and suffering and other damages as alleged herein were also a direct result of the failure of Defendant ACH to properly train its staff, including Defendant Rice County Jail Nurse Jane Doe, on how to adequately investigate, assess, and evaluate inmates' medical needs, and how to determine whether to immediately provide medical care and/or seek outside medical care for ailing inmates.

36. As a direct and proximate result of the failure of Defendant ACH to properly train its jail staff, including Defendant Rice County Jail Nurse Jane Doe, as described herein, Defendant ACH, while acting under color of state law, deprived Mr. Chambers of his federal constitutional right to receive adequate

medical care in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983 and his federal constitutional right to not be deprived of life, in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1988.

37. As a direct and proximate result of Defendant ACH acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT V
### (Negligence as to Defendants Rice County Corrections Officers John and Jane Doe 1 through 20)

38. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

39. Defendants Rice County Corrections Officers John and Jane Doe 1 through 20, had a duty to exercise reasonable care in recognizing Plaintiff's health issues and taking reasonable steps to provide him with health care.

40. These Defendants failed to exercise reasonable care in recognizing Plaintiff's health issues and providing him with health care.

41. As a direct and proximate result of Defendants Rice County Corrections Officers John and Jane Doe 1 through 20's breach of duty and

negligence, through their negligent acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT VI
### (Negligence as to Defendants Rice County and Sheriff Dunn)

32. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

33. Defendants Rice County and Sheriff Troy Dunn had a duty to exercise reasonable care in training and supervising jail staff including Rice County Corrections Officers John and Jane Doe 1 through 20, regarding how to assess medical needs and provide needed medical care.

34. Defendants Rice County and Sheriff Troy Dunn failed to exercise reasonable care in training and supervising Rice County Corrections Officers John and Jane Doe 1 through 20, regarding how to assess medical needs and provide needed medical care and were in other ways negligent in the way they trained and/or supervised Rice County jail staff.

35. As a direct and proximate result of Defendants Rice County and Sheriff Troy Dunn's breach of duty and negligence, through their negligent acts

and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain, suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

## COUNT VII
### (Negligence as to Defendant ACH)

32. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

33. Defendant ACH had a duty to exercise reasonable care in training and supervising it's Rice County jail medical staff, including Rice County Jail Nurse Jane Doe, regarding how to assess medical needs and provide needed medical care.

34. Defendant ACH failed to exercise reasonable care in training and supervising its Rice County jail staff, including Rice County Jail Nurse Jane Doe, regarding how to assess medical needs and provide needed medical care and were in other ways negligent in the way it trained and/or supervised its Rice County jail medical staff, including Rice County Jail Nurse Jane Doe

35. As a direct and proximate result of Defendant ACH's breach of duty and negligence, through its negligent acts and/or omissions, as described herein, Plaintiff suffered and continues to suffer damages for past and future pain,

suffering, disfigurement, permanent injury, medical expenses, wage loss and loss of earnings capacity, and loss of enjoyment of life, or as otherwise available to them under 42 U.S.C. § 1983, all to his damage in an amount to be determined at trial.

### COUNT VIII
### (Medical Negligence as to Defendants
### ACH and Rice County Jail Nurse Jane Doe)

36. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

37. Under Minnesota Law, a medical negligence claim cannot be made against Defendants ACH and Rice County Jail Nurse Jane Doe at this time but will be brought after discovery is conduced if warranted by the evidence and expert opinion.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A.   Finding that Defendants, and each of them, committed acts and omissions that constituted violations of the Eight and/or Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983 and/or were negligent;

B.   Awarding judgment in favor of Plaintiff against the Defendants, and

each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages;

    C.    Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

    D.    Awarding Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or their contingency fee agreement; and

    E.    Awarding such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

DATED:  November 12, 2021    **BENNEROTTE & ASSOCIATES, P.A.**

    By:   *s/ Vincent J. Moccio*
        Vincent J. Moccio (MN# 184640)

    3085 Justice Way, Suite 200
    Eagan, MN 55121
    651-842-9257
    vincent@bennerotte.com

    **ATTORNEYS FOR PLAINTIFF**